**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES BAKER, individually and on behalf of all similarly situated individuals, | |
| Plaintiff, | Civil Action No. |
| v. | |
| C.R. ENGLAND, INC., a Utah corporation | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant C.R. England, Inc. ("C.R. England"), pursuant to 28 U.S.C. § 1441, removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff Charles Baker ("Plaintiff") and a copy is being filed with the Clerk of the Circuit Court of Cook County, Illinois, as an exhibit to a Notice of Filing. A copy of the Notice of Filing is attached hereto as Exhibit A.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On July 14, 2022, Plaintiff filed a putative class action captioned *Charles Baker v. C.R. England, Inc.,* Case No. 2022CH06785, against C.R. England in the Chancery Division of the Circuit Court of Cook County, Illinois ("Action").

2. Service of process was made on C.R. England on August 10, 2022, through its registered agent, The Corporation Service Company. *See* 28 U.S.C. § 1446(b) (removal is timely if filed within 30 days of defendants' receipt of the pleading). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon C.R. England in the Action are attached to this Notice as Exhibit B.

## ALLEGATIONS OF THE COMPLAINT

3.    Plaintiff, an Illinois resident and citizen (Compl. ¶ 11), filed this Action against C.R. England, a Utah corporation headquartered in Utah (*id.* ¶ 12), claiming Plaintiff and a putative class "numbering in the hundreds of thousands of members" (Compl. ¶ 38) suffered injury and damages because of a data security incident whereby an unauthorized third party launched a cyberattack against C.R. England's data network.  *See generally* Compl. ¶¶ 1-35.

4.    The class action complaint ("Complaint") asserts three counts: Negligence (Count I), Breach of Implied Contract (Count II), and Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. (Count III).

5.    Among the relief sought, Plaintiff requests compensatory damages, statutory damages, punitive damages, injunctive relief, and attorney's fees.  *See* Compl. Prayer for Relief.

## BASIS FOR REMOVAL

6.    This Court has original jurisdiction over the Action pursuant to the Class Action Fairness Act ("CAFA") because: (i) minimum diversity exists, (ii) the number of putative class members exceeds 100, and (iii) the amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5).  *See Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 758 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (requiring removal of consumer class actions satisfying CAFA).

7.    <u>Covered Class Action</u>.  This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  *See* Compl. ¶¶ 36-43.  Plaintiff filed a motion for class certification on August 8, 2022.  *See* Exhibit B.

8.    <u>Class Action Consisting of More than 100 Members</u>.  Plaintiff alleges a National Class (and Subclass) of individuals whose personal information was subject to a data security incident numbering in the "hundreds of thousands of members."  Compl. ¶ 38.  Plaintiff specifically notes 220,000 individuals received notice of the data security incident.  Compl. ¶ 3.  The number of putative class members exceeds the 100-class member threshold for CAFA jurisdiction.  28 U.S.C. § 1332 (d)(5)(B).

9.    <u>Diversity</u>.    The required diversity of citizenship under CAFA is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

(a)  Plaintiff is a resident and a citizen of Cook County, Illinois.  Compl. ¶ 11.

(b)  C.R. England is a Utah corporation and its principal place of business is in Utah. Compl. ¶ 12.  C.R. England  is a Utah citizen.  28 U.S.C. § 1332(c)(1).

Diversity is satisfied.  28 U.S.C. § 1332(d)(2)(A).

10.    <u>Amount in Controversy</u>.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).  Here, the purported class seeks "actual, statutory, compensatory, and/or punitive damages" and "reasonable attorneys' fees …."  Compl. Prayer for Relief ¶¶ B, D.

C.R. England denies Plaintiff' and the putative class are entitled to any relief and recovery, but solely for purposes of CAFA, the "amount in controversy" satisfies CAFA.  "The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties."  *Brill*, 427 F.3d at 448 ("That the plaintiff may fail in its proof, and the judgment be less

than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal").

11.    <u>Amount in Controversy – Compensatory Damages</u>.  The amount in controversy respecting compensatory damages alone exceeds $5 million.  Plaintiff on behalf of himself and the putative class asserts compensatory damages "in the form of time and expense to mitigate the disclosure …."  Compl. ¶ 62.  Plaintiff does not quantify the alleged mitigation cost, but in data security cases the cost of credit monitoring can serve as a proxy for such mitigation.  It is not unusual to see credit monitoring as part of the resolution of a data security class action.  For instance, in *Kemper Corp.,* a data security class action litigated in the Northern District of Illinois, as part of a settlement the parties included credit monitoring.  The monetary value of that credit monitoring, for 18 months, was estimated to be $202 per individual, slightly more than $11 a person per month.  *See Aguallo, et al. v. Kemper Corp.,* No. 1:21-cv-01883 (N.D. Ill.) ECF No. 45-1 ("Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement") at 22.[1]  Thus, just three months of credit monitoring for each putative class member would place the amount in controversy above the $5 million jurisdictional threshold.

12.    <u>Amount in Controversy — Actual Damages Under Statute</u>.  Plaintiff seeks unspecified actual  damages under the Illinois Consumer Fraud and Deceptive Business Practices Act.  Compl. Prayer for Relief ¶ B.  According to the Complaint the data security incident impacted more than 220,000 individuals.  Compl. ¶ 3.  The alleged actual damages for these 220,000 individuals also are included in the "amount in controversy."  Even at a few dollars per putative class member, the alleged damages would substantially elevate the amount in controversy.

---

[1] The Court may take judicial notice of this court filing.  *See  Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

13. <u>Amount in Controversy — Punitive Damages</u>.  The Complaint also seeks punitive damages.  Compl. Prayer for Relief ¶ B.  Punitive damages are considered part of the CAFA amount in controversy.  *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512-13 (7th Cir. 2006) (including punitive damages in analyzing amount in controversy).

Under Illinois law, for purposes of assessing the CAFA amount in controversy, punitive damages can be estimated at two to three times compensatory damages.  *See Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757 (S.D. Ill. 2006) (finding amount in controversy satisfied under CAFA in view of "a constitutionally permissible award of punitive damages in a ratio of two or three times" out-of-pocket damages.).  Punitive damages further increase the CAFA amount in controversy.

14. <u>Amount in Controversy – Attorneys' Fees</u>.  The Complaint prays for attorneys' fees.  Compl. Prayer for Relief ¶ D.  This amount is likewise included in calculating the CAFA amount in controversy.  *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).  In *Abrams v. Van Kampen Funds, Inc.*, 2006 U.S. Dist. LEXIS 2129, *19-20 (N.D. Ill. Jan. 18, 2006) the court found 25% of net recovery to be a median attorneys' fee award in class actions involving $5 million or more in recoveries.

Aggregated with other qualifying asserted relief, attorneys' fees contribute to an amount in controversy here above the CAFA threshold.

15. <u>No CAFA Exclusions</u>.  The Action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because C.R. England is not a citizen of the State of Illinois, the state in which the action was filed.  Because no other exclusion applies, this action is removable pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

### DEFENDANT MEETS ALL OTHER REMOVAL REQUIREMENTS

16.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the Action are attached at Exhibit B, including the Complaint.

17.    As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of a summons or the Complaint on Defendant.

18.    Consistent with 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal promptly will be filed with the Clerk of the Court for the Cook County Circuit Court, Illinois, and written notice shall be given promptly to Plaintiff.

19.    Venue is proper for purposes of removal in this Court because Cook County, Illinois is found within the District of Illinois.  *See* 28 U.S.C. § 97.  This federal judicial district embraces the place, Cook County Circuit Court, where the Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

20.    Through this notice, Defendant reserves all defenses, objections, and exceptions to the Action, including but not limited to objections to service and personal jurisdiction.  Defendant also does not intend and denies any admission of law, liability, or damages in connection with the Action and reserves all of its rights to defend, including through appropriate motion, defenses, pleas, and challenges to contentions of fact.

### CONCLUSION

WHEREFORE, Defendant C.R. England, Inc., having provided a sufficient "short and plain statement of the grounds for removal" and having met all other conditions and procedures for removal to federal district court, respectfully requests this Action be removed from the Cook County Circuit Court to the United States District Court for the Northern District of Illinois.

Respectfully submitted this 9th day of September, 2022.


By:      */s/ Bryan P. Sugar*
Bryan P. Sugar, Esq.
Illinois Bar No. 6276016
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, IL 60661
Tel.: 312.345.1718
Fax: 312.345.1778
bryan.sugar@lewisbrisbois.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2022, I served a copy of the foregoing via electronic filing in

the ECF system.

/s/ *Bryan P. Sugar*
Bryan P. Sugar, Esq.
